UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

——

FHARIS DENANE SMITH,

     Defendant-Movant,

                                        Case No. 1:23-cv-1105

v.

                                        Honorable Paul L. Maloney

UNITED STATES OF AMERICA,

     Plaintiff-Respondent.

_____/

**OPINION AND ORDER**

Currently pending before the Court is Defendant-Movant Fharis Denane Smith ("Defendant")'s *pro se* motion to vacate, set aside, or correct his sentence pursuant to 28 U.S.C. § 2255. (ECF No. 1.) For the reasons set forth below, Defendant's motion will be denied.

I.     **Background**

"On April 18, 2020, police officers with the City of Kalamazoo were tasked with locating and arresting defendant Fharis Smith on an outstanding warrant." *United States v. Smith*, No. 21-1457, 2022 WL 4115879, at *1 (6th Cir. Sept. 9, 2022) (citation to appellate record omitted). When Defendant was arrested in his vehicle, officers found a loaded, semi-automatic pistol between his feet, 2.61 grams of methamphetamine, ammunition, two cell phones, and a digital scale with white residue. *Id.* Later that evening, a Kalamazoo detective obtained a search warrant to search the phones. *Id.* The detective indicated that he was "investigating a shooting that occurred on April 11, 2020," and that Defendant was suspected of shooting at the deceased. *Id.* When the search warrant was executed, officers found text messages "involving drug dealing activity" on one of Defendant's phones. *Id.* at *2.

On April 20, 2020, Defendant was charged in a Criminal Complaint with one count of being a felon in possession of a firearm, in violation of 18 U.S.C. § 922(g). *See* Corrected Crim. Compl., *United States v. Smith*, No. 1:20-cr-71 (W.D. Mich. Apr. 20, 2020) (ECF No. 13). After Defendant's arrest, attorney Charles E. Chamberlain, Jr. was appointed to represent him.

On May 19, 2020, a grand jury returned an Indictment charging Defendant with: (1) one count of being a felon in possession of a firearm, in violation of 18 U.S.C. § 922(g); (2) one count of possession with intent to distribute methamphetamine, in violation of 21 U.S.C. § 841(a)(1); and (3) one count of possession of a firearm in furtherance of a drug trafficking crime, in violation of 18 U.S.C. § 924(c)(1)(A)(i). *See* Indictment, *id.* (ECF No. 17). Shortly thereafter, attorney Chamberlain moved to withdraw, citing "irreconcilable differences" between himself and Defendant. *See* Mot., *id.* (ECF No. 28). Following a hearing, the Court granted that motion, and attorney Takura Nyamfukudza was appointed to represent Defendant.

On October 20, 2020, attorney Nyamfukudza filed a motion to suppress "the data obtained from [Defendant's] cell phone because the government's seizure of the records relied on a warrant that was not supported by probable cause." *See* Mot. to Suppress, *id.* (ECF No. 44, PageID.130). Attorney Nyamfukudza argued that the "affidavit and search warrant . . . were submitted in an unrelated matter for which [Defendant] was never charged," and that the evidence was "based upon a deficient affidavit." *See* Br. Supp. Mot. to Suppress, *id.* (ECF No. 44-1, PageID.132–133). According to counsel, the "affiant did little to corroborate the claims made to him by unnamed informants." *Id.* (ECF No. 44-1, PageID.133). The Court held a hearing on Defendant's motion to suppress on October 26, 2020. *See* Mot Hr'g Tr., *id.* (ECF No. 90). The Court orally denied Defendant's motion at the conclusion of the hearing. *See id.* (ECF No. 90, PageID.493). The Court issued a written order denying the motion that same day. *See* Order, *id.* (ECF No. 57).

Defendant's jury trial took place on November 4, 5, and 6, 2020. *See* Trial Tr. I, II, & III, *id.* (ECF Nos. 91, 92, 93). On November 6, 2020, the jury found Defendant guilty of all three counts charged in the Indictment. *See* Jury Verdict, *id.* (ECF No. 65). On April 23, 2021, the Court sentenced Defendant to 78 months of incarceration on each of Counts One and Two, to be served concurrently, and a consecutive sentence of 60 months of incarceration on Count Three, for a total of 138 months. *See* J., *id.* (ECF No. 81, PageID.437).

On April 30, 2021, attorney Nyamfukudza filed a notice of appeal on Defendant's behalf. *See* Notice of Appeal, *id.* (ECF No. 83). Thereafter, the Sixth Circuit granted attorney Nyamfukudzu's motion to withdraw as counsel, and attorney Gary Crim was appointed to represent Defendant on appeal. *See* 6th Cir. Order & Letter, *id.* (ECF Nos. 88, 89). On appeal, Defendant, through attorney Crim, challenged this Court's denial of his motion to suppress, as well as this Court's ruling at trial that "evidence about [Defendant's] Michigan welfare benefits application" could be admitted. *See Smith*, at 2022 WL 4115879, at *4, 9. The Sixth Circuit rejected Defendant's arguments, first concluding that "the officers searched [Defendant's] phones 'in objectively reasonable reliance' on the search warrant." *See id.* at *8 (citing *United States v. Leon*, 468 U.S. 897, 922 (1984)). The Sixth Circuit also concluded that the welfare benefits application evidence was properly admitted at trial. *See id.* at *10. On May 22, 2023, the United States Supreme Court denied Defendant's petition for a writ of certiorari. *Smith v. United States*, 143 S. Ct. 2499 (2023).

On October 16, 2023, Defendant filed his § 2255 motion and brief in support thereof. (ECF Nos. 1, 2). In an order (ECF No. 4) entered on October 18, 2023, the Court directed the government to file a response to the motion. The government subsequently moved for an extension of time to respond, as well as an order authorizing release of information subject to the attorney-client

privilege. (ECF No. 6.) The Court granted that motion in an order entered on December 13, 2023.

(ECF No. 8.) The government filed its response (ECF No. 13) on February 9, 2024. Attorneys

Nyamfukudza and Crim also filed affidavits addressing Defendant's claims of ineffective

assistance of counsel. (ECF Nos. 9, 11.) Defendant filed a reply (ECF No. 14) on March 14, 2024.

## II.    Analysis

### A.    Legal Standards

#### 1.    Section 2255 Proceedings in General

A federal prisoner may challenge his sentence by filing in the district court where he was

sentenced a motion under 28 U.S.C. § 2255. A valid § 2255 motion requires a movant to show that

"the sentence was imposed in violation of the Constitution or laws of the United States, the court

was without jurisdiction to impose such sentence, or that the sentence was in excess of the

maximum authorized by law or is otherwise subject to collateral attack." 28 U.S.C. § 2255(a).

Section 2255 affords relief for a claimed constitutional error only when the error had a substantial

and injurious effect or influence on the proceedings. *Watson v. United States*, 165 F.3d 486, 488

(6th Cir. 1999). Non-constitutional errors generally are outside the scope of § 2255 relief, and they

should afford collateral relief only when they create a "fundamental defect which inherently results

in a complete miscarriage of justice, or, an error so egregious that it amounts to a violation of due

process." *Id.* (internal quotation marks omitted). As a general rule, a claim not raised on direct

review is procedurally defaulted and may not be raised on collateral review absent a showing of

either (1) cause and actual prejudice; or (2) actual innocence. *Massaro v. United States*, 538 U.S.

500, 504 (2003); *Bousley v. United States*, 523 U.S. 614, 621–22 (1998); *United States v. Frady*,

456 U.S. 152, 167–68 (1982). A motion to vacate under § 2255 is not a substitute for direct appeal.

*United States v. Duhart*, 511 F.2d 7 (6th Cir. 1975); *DiPiazza v. United States*, 471 F.2d 719 (6th

Cir. 1973).

### 2.    Ineffective Assistance of Counsel

To establish a claim of ineffective assistance of counsel, a movant must prove that: (1) counsel's performance fell below an objective standard of reasonableness; and (2) counsel's deficient performance prejudiced the defendant in a way that led to an unreliable or fundamentally unfair outcome. *Strickland v. Washington*, 466 U.S. 668, 687 (1984). A court "must judge the reasonableness of counsel's challenged conduct on the facts of the particular case, and viewed as of the time of counsel's conduct, and judicial scrutiny of counsel's performance must be highly deferential." *Roe v. Flores-Ortega*, 528 U.S.460, 477 (2000) (internal quotation marks omitted). Counsel is not ineffective unless he or she "made errors so serious that counsel was not functioning as the 'counsel' guaranteed the defendant by the Sixth Amendment." *Strickland*, 466 U.S. at 687. To establish prejudice, a movant must show "a reasonable probability that, but for counsel's unprofessional errors, the result of the proceedings would have been different." *Id.* at 694; *see also United States v. Morrow*, 977 F.2d 222, 229 (6th Cir. 1992) (en banc) ("[T]he threshold issue is not whether [movant's] attorney was inadequate; rather, it is whether he was so manifestly ineffective that defeat was snatched from the hands of probable victory.").

The *Strickland* standard that applies to trial counsel also applies to appellate counsel. However, a criminal appellant has no constitutional right to have every non-frivolous issue raised on appeal. Rather, "'winnowing out weaker arguments on appeal and focusing on' those more likely to prevail, far from being evidence of incompetence, is the hallmark of effective appellate advocacy." *Smith v. Murray*, 477 U.S. 527, 536 (1986) (quoting *Jones v. Barnes*, 463 U.S. 745, 751–52 (1983)). To require appellate counsel to raise every possible colorable issue "would interfere with the constitutionally protected independence of counsel and restrict the wide latitude counsel must have in making tactical decisions." *Strickland*, 466 U.S. at 688. As the Supreme Court has observed, it is difficult to demonstrate that an appellate attorney has violated the

performance prong where the attorney presents one argument on appeal rather than another. *Smith v. Robbins*, 528 U.S. 259, 289 (2000). In such cases, the petitioner must demonstrate that the issue not presented "was clearly stronger than issues that counsel did present." *Id.*

### 3.    Evidentiary Hearing

The Court must hold an evidentiary hearing to determine the issues and make findings of fact and conclusions of law "[u]nless the motion and the files and records of the case conclusively show that the prisoner is entitled to no relief." 28 U.S.C. § 2255(b). No hearing is required if Defendant's allegations "cannot be accepted as true because they are contradicted by the record, inherently incredible, or conclusions rather than statements of fact." *Arredondo v. United States*, 178 F.3d 778, 782 (6th Cir. 1999) (quotation omitted).

### B.    Discussion

Defendant raises the following grounds for relief in his § 2255 motion:

I.     Ineffective Assistance of Counsel

II.    Good Faith Cannot Apply

III.   Government Intrusion During Appeals Filing by the Bureau of Prisons (BOP)

(§ 2255 Mot., ECF No. 1, PageID.4–7.) The government contends that Defendant's § 2255 motion lacks merit because he cannot relitigate an argument already raised on direct appeal and because neither trial nor appellate counsel were ineffective. (ECF No. 13, PageID.159.)

### 1.    Ground II—Application of Good Faith Exception

Defendant's second ground for relief is that "good faith cannot apply." (§ 2255 Mot., ECF No. 1, PageID.5.) In his supporting brief, Defendant contends that the good faith exception cannot apply to save the search warrant that officers executed to search Defendant's phones. (Br. Supp. § 2255 Mot., ECF No. 2, PageID.17.) Essentially, Defendant adopts Judge Clay's concurrence in

part and dissent in part from the Sixth Circuit's opinion affirming Defendant's convictions and

sentences. Specifically, Judge Clay set forth that the search warrant affidavit "failed to make the

requisite showing of probable cause," and that "the good faith exception does not save the unlawful

search." *Smith*, 2022 WL 4115879, at *10–16 (Clay, J., concurring in part and dissenting in part).

"A § 2255 motion may not be used to relitigate an issue that was raised on appeal absent

highly exceptional circumstances." *DuPont v. United States*, 76 F.3d 108, 110 (6th Cir. 1996); *see

also Giraldo v. United States*, 54 F.3d 776, 776 (6th Cir. 1995). Here, Defendant essentially seeks

to relitigate the conclusion reached by both this Court and the Sixth Circuit that the good faith

exception set forth in *Leon* applied to the search of Defendant's phones conducted pursuant to the

search warrant. Defendant, however, has not demonstrated any "highly exceptional circumstances"

to warrant relitigation of that issue. To the extent that Defendant believes the Sixth Circuit erred,

Defendant took the proper course of action by petitioning the United States Supreme Court for a

writ of certiorari to review his case. By denying Defendant's petition, the Supreme Court

presumably agreed with the Sixth Circuit that the good faith exception applied. This Court simply

has no authority to review the Sixth Circuit's decision. Defendant, therefore, is not entitled to relief

with respect to ground II.

### 2.    Ground III—Governmental Interference

In ground III, Defendant raises "government intrusion during appeals filing by the" BOP.

(§ 2255 Mot., ECF No. 1, PageID.7.) In his supporting brief, Defendant contends that the BOP

refused to deliver his legal mail during the pendency of his appeal. (Br. Supp. § 2255 Mot., ECF

No. 2, PageID.20.) It appears that Defendant's "reply brief was his introduction of the good faith

arguments," and that the alleged governmental interference caused appellate counsel "to fail to

raise [in] the initial brief claims on how good faith cannot save the fruits of the search." (*Id.*)

Upon review of the record, the Court concludes that Defendant fails to demonstrate how this alleged interference with legal mail, which Defendant describes as a due process violation, had a substantial and injurious effect or influence on the proceeding. *See Watson*, 165 F.3d at 488. In his affidavit, attorney Crim explains that his experience "is that this bureaucratic inertia from the [BOP] is universal and has increased with the presence of COVID-19." (ECF No. 11, PageID.85, ¶ 2.) Attorney Crim responded to this issue by: (1) relying upon "non-privileged phone calls and emails to communicate information that is already or very soon will be public"; and (2) "persist[ing] in arranging privileged conversations, which allows discussion of matters such as which issues to raise and discuss any concerns of drafts of briefs." (*Id.*, PageID.86.) Moreover, even though Defendant claims that this alleged interference resulted in attorney Crim not raising arguments concerning the good faith exception until the reply brief, the Sixth Circuit still addressed the issue on the merits, as set forth *supra*. While the Court is sympathetic to Defendant's frustration regarding the handling of his mail and communications, Defendant simply does not show that the alleged interference had any injurious effect on his appellate proceedings. Defendant, therefore, is not entitled to relief with respect to ground III.

### 3.    Ground I—Ineffective Assistance of Counsel

In ground I, Defendant asserts ineffective assistance of counsel. (§ 2255 Mot., ECF No. 1, PageID.4.) In his brief in support, Defendant contends that trial and appellate counsel rendered ineffective assistance in various ways.

First, Defendant faults trial counsel for being ineffective during proceedings on the motion to suppress. Specifically, Defendant suggests that trial counsel was ineffective during the suppression hearing by responding "just the cellphone" when questioned "as to whether the intent was to suppress the entire search warrant fruits." (Br. Supp. § 2255 Mot., ECF No. 2, PageID.15.) Attorney Nyamfukudza has addressed this assertion in his affidavit. He states that "[t]here were

items seized following the execution of the search warrant that the government did not seek to use in [Defendant's] trial." (ECF No. 9, PageID.53, ¶ 7.) Attorney Nyamfukudza avers that the "data that the government planned to introduce during [Defendant's] trial is all that was relevant for purposes of the motion to suppress. No harm could come—or did come—to [Defendant] from items and data from the second phone that the government did not introduce at trial." (*Id.*, PageID.54, ¶ 9.) In light of the record, Defendant has not demonstrated that he was prejudiced by attorney Nyamfukudza focusing the motion to suppress on the data obtained from the search of the first phone. Moreover, had the motion to suppress prevailed, all evidence obtained as a result of that data would have been suppressed at Defendant's trial. Defendant, therefore, is not entitled to relief with respect to this assertion of ineffective assistance of trial counsel.

Next, Defendant contends that appellate counsel was ineffective for not "timely" raising arguments regarding the good faith exception, causing that argument to be forfeited. (Br. Supp. § 2255 Mot., ECF No. 2, PageID.15.) Defendant suggests that counsel's failure to raise this argument prejudiced his appeal. (*Id.*) In his affidavit, attorney Crim notes that despite his failure to raise "the lack of evidence supporting the officer's good-faith reliance in the first brief," this "did not prevent the [Sixth Circuit] panel from addressing the issue on the merits." (ECF No. 11, PageID.86, ¶ 3.) In his reply brief, Defendant contends that attorney Crim's representation was "at best sub-par" because of the forfeiture of the good faith argument. (ECF No. 14, PageID.178.) The Sixth Circuit, however, specifically noted that although the argument regarding the good faith exception was forfeited, "[Defendant's] belated arguments in his reply brief are unavailing." *Smith*, 2022 WL 4115879, at *8. Thus, because the Sixth Circuit considered Defendant's arguments and whether the exception should apply, Defendant cannot demonstrate that attorney Crim's failure to raise the argument in his opening brief prejudiced Defendant's appeal in any way. Defendant,

10

therefore, is not entitled to relief with respect to this assertion of ineffective assistance of appellate counsel.

Third, Defendant faults attorney Crim "for not making objections to the courts for the BOP's intrusions into [Defendant's] communications being blocked." (Br. Supp. § 2255 Mot., ECF No. 2, PageID.16.) Attorney Crim avers that he did not raise such an argument because "contrary to popular opinion[,] the federal judiciary has minimal influence over the BOP." (ECF No. 11, PageID.86, ¶ 2.) Attorney Crim also contends that raising this issue would not have affected the outcome of Defendant's appeal. (*Id.*) This Court agrees with attorney Crim. As discussed *supra*, Defendant has not demonstrated that any alleged interference with mail and communications injured his appeal in any way, particularly given that attorney Crim addressed the good-faith exception in his reply brief and the Sixth Circuit discussed the exception as well. Attorney Crim, therefore, was not ineffective for failing to raise this argument, and Defendant is not entitled to relief with respect to this assertion of ineffective assistance.

Next, Defendant vaguely suggests that attorney Crim was ineffective for not raising "all matters on appeal that [Defendant] requested." (Br. Supp. § 2255 Mot., ECF No. 2, PageID.16.) Defendant, however, fails to provide any factual support for this claim, as he does not identify the issues that he wanted attorney Crim to raise. In his affidavit, attorney Crim recognizes that he and Defendant discussed two issues that did not "make it into the brief." (ECF No. 11, PageID.87, ¶ 4.) Attorney Crim goes on to state:

> The first issue that did not make the final brief involved possible juror exposure to information about the murder charges. When I drafted the factual statements on this issue, the findings of the District Court and [Defendant's] counsel's acknowledgment of those findings contradicted any factual assertions that the jurors had been exposed to. I laid out the reasons for not putting these issues in the brief in an October 30, 2021, letter to [Defendant]. I do not recall discussing this issue with [Defendant] after this correspondence.

> The second issue that did not make the final brief involved the sufficiency of the evidence about possession. [Defendant] wanted me to repeat the arguments made to the jurors to the appellate court. I formally addressed in a December 14, 2021, letter to [Defendant], Attachment Three. [Defendant] and I had discussed the issue several times. [Defendant] did not accept the difference between arguments to a jury and to an appellate court.

(*Id.*, PageID.87–88, ¶¶ 5–6). Defendant has not responded to attorney Crim's assertions in his reply brief and, therefore, fails to demonstrate that the two issues that were not presented were "clearly stronger" than the ones attorney Crim did present. *Smith*, 528 U.S. at 289. Defendant, therefore, is not entitled to relief with respect to this assertion of ineffective assistance of appellate counsel.

Finally, Defendant vaguely faults counsel for not communicating and investigating. (Br. Supp. § 2255 Mot., ECF No. 2, PageID.16.) As set forth above, however, it is clear that attorney Crim communicated with Defendant while appellate proceedings were pending. Moreover, attorney Nyamfukudza avers that he frequently visited Defendant, communicated with Defendant's family, and "shared the results of extensive legal research." (ECF No. 9, PageID.54, ¶ 11.) Further, Defendant "was apprised of every aspect of the case." (*Id.* ¶ 12.) Attorney Nyamfukudza reviewed all discovery with Defendant, interviewed witnesses, met with Defendant "numerous times," and communicated with Defendant "by telephone and letters." (*Id.*, PageID.55, ¶¶ 14–16.) Defendant simply fails to show otherwise, and fails to explain what more counsel should have investigated or how any more communication would have changed the outcome of his criminal proceedings. Defendant, therefore, is not entitled to relief with respect to this assertion.

In sum, Defendant fails to demonstrate that attorneys Nyamfukudza and Crim rendered ineffective assistance in the ways that Defendant sets forth. Accordingly, Defendant is not entitled to relief with respect to ground I.

For the reasons set forth above, the record before the Court supports a conclusion that Defendant's grounds for relief are meritless. Accordingly, there is no need for the Court to conduct an evidentiary hearing, and Defendant's § 2255 motion (ECF No. 1) will be denied.

## III.    Certificate of Appealability

Under 28 U.S.C. § 2253(c)(1)(B), the Court must determine whether a certificate of appealability should be granted. A certificate should issue if Defendant has demonstrated a "substantial showing of a denial of a constitutional right." 28 U.S.C. § 2253(c)(2).

The Sixth Circuit Court of Appeals has disapproved issuance of blanket denials of a certificate of appealability. *Murphy v. Ohio*, 263 F.3d 466, 467 (6th Cir. 2001) (per curiam). Rather, the district court must "engage in a reasoned assessment of each claim" to determine whether a certificate is warranted. *Id.* Each issue must be considered under the standards set forth by the Supreme Court in *Slack v. McDaniel*, 529 U.S. 473 (2000). *Murphy*, 263 F.3d at 467. Consequently, this Court has examined Defendant's claims under the *Slack* standard. Under *Slack*, 529 U.S. at 484, to warrant a grant of the certificate, "[t]he petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." *Id.* "A petitioner satisfies this standard by demonstrating that . . . jurists of reason could conclude the issues presented are adequate to deserve encouragement to proceed further." *Miller-El v. Cockrell*, 537 U.S. 322, 327 (2003). In applying this standard, the Court may not conduct a full merits review, but must limit its examination to a threshold inquiry into the underlying merit of Defendant's claim. *Id.*

The Court finds that reasonable jurists could not conclude that this Court's dismissal of Defendant's claim was debatable or wrong. Therefore, the Court will deny Defendant a certificate of appealability. Moreover, although Defendant has failed to demonstrate that he is in custody in violation of the Constitution and has failed to make a substantial showing of the denial of a

constitutional right, the Court does not conclude that any issue Defendant might raise on appeal would be frivolous. *Coppedge v. United States*, 369 U.S. 438, 445 (1962).

## IV.    Conclusion

For the foregoing reasons, the Court will deny Defendant's § 2255 motion. Accordingly,

**IT IS ORDERED** that Defendant's motion to vacate, set aside, or correct sentence pursuant to 28 U.S.C. § 2255 (ECF No. 1) is **DENIED**.

**IT IS FURTHER ORDERED** that a certificate of appealability is **DENIED**.

A separate judgment will follow. *See Gillis v. United States*, 729 F.3d 641, 643 (6th Cir. 2013) (requiring a separate judgment in habeas proceedings).

Dated:    November 4, 2024                      /s/ Paul L. Maloney
                                                                  Paul L. Maloney
                                                                  United States District Judge